IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEORGE PANOKE, | ) CIVIL NO. 05-00432 JMS-KSC |
| | ) |
| Plaintiff, | ) REPORT OF SPECIAL MASTER ON |
| | ) PLAINTIFF'S OBJECTIONS TO |
| vs. | ) BILL OF COSTS |
| | ) |
| U.S. ARMY MILITARY POLICE | ) |
| BRIGADE, HAWAII; FRANCIS | ) |
| J. HARVEY, Secretary, | ) |
| Department of the Army, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

REPORT OF SPECIAL MASTER ON
<u>PLAINTIFF'S OBJECTIONS TO BILL OF COSTS</u>

Before the Court, pursuant to a designation by

United States District Judge J. Michael Seabright, is

Plaintiff George Panoke's ("Plaintiff") Objections to

Bill of Costs ("Objections"), filed October 29, 2007.

Defendants U.S. Army Military Police Brigade ("MPB")

and Francis J. Harvey ("Harvey") (collectively

"Defendants") filed their Bill of Costs on October 18,

2007.  Pursuant to Rule 7.2(d) of the Local Rules of

Practice of the United States District Court for the

District of Hawaii ("Local Rules"), the Court finds

this matter suitable for disposition without a hearing.
After reviewing the parties' submissions, the Court
FINDS and RECOMMENDS that Plaintiff's Objections be
DENIED.  The Court recommends that the district court
tax costs against Plaintiff in the amount of $1,035.45.

<u>DISCUSSION</u>

As the prevailing parties in this action,[1]
Defendants request costs totaling $1,040.25 pursuant to
28 U.S.C. § 1920, Rule 54(d) of the Federal Rules of
Civil Procedure, and Local Rule 54.2.  Specifically,
Defendants seek taxation of the following costs: (1)
$718.35 for fees of the court reporter for all or any
part of the transcript necessarily obtained for use in
the case and (2) $321.90 for fees for exemplification
and copies of papers necessarily obtained for use in
the case.  <u>See</u> Bill of Costs ("BOC"); Mem. in Supp. of
BOC at 2-5.

---

[1] On September 21, 2007, Judge Seabright issued an
Order Granting Defendants' Motion to Dismiss and/or for
Summary Judgment and Denying Plaintiff's Motion to
Supplement the Record.  On the same day, the Court
entered final judgment in Defendants' favor.

2

I.    <u>Entitlement to Costs</u>

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d)(1).  Courts have discretion to award costs pursuant to Rule 54(d).  <u>See</u> <u>Yasui v. Maui Electric Co., Ltd.</u>, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  The burden is on the losing party to demonstrate why costs should not be awarded. <u>Stanley v. Univ. of Southern California</u>, 178 F.3d 1069, 1079 (9th Cir. 1999).

The Ninth Circuit has held that in determining whether to award costs to a prevailing party, district courts may consider the financial resources of the losing party; misconduct on the part of the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs.  <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003).

3

Plaintiff argues that the Court should exercise its discretion in this case and either decline to award costs or reduce the costs requested.  Plaintiff asks the Court to consider his limited financial resources, the chilling effect on future civil rights litigants, and the merits of his case.

In considering the factors set forth in <u>Save Our Valley</u>, the Court finds that the present circumstances do not warrant a denial of costs.  First, Plaintiff would not be rendered indigent by the $1,040.25 that Defendants seek in costs.  Indeed, Plaintiff admits that he is not indigent, but argues that he has a negative credit rating; a TV cable bill (which is currently in dispute) from another state where he has never resided; tens of thousands of dollars in attorneys' fees and costs; and a modest income working part-time for a private security company.

While the Court acknowledges that Plaintiff has financial obligations, they are not sufficient or significant enough to overcome the presumption in favor

of taxing costs.  The bulk of Plaintiff's current debt
appears to stem from the litigation of this case.
Plaintiff elected to initiate this action so the
resulting fees cannot serve as a reason to excuse him
from paying costs to Defendant, which, in this case,
are rather minimal.

Second, the Court does not believe that the
imposition of costs will have a chilling effect on
future litigants.  Again, even if the Court assesses
costs in full, $1,040.25 is a relatively small sum, and
will not likely deter persons of modest means from
pursuing civil rights claims.  Finally, in assessing
the merits of Plaintiff's claims, the Court finds that
although Plaintiff's case may have arguably had some
merit, this is not a sufficient basis to defeat the
presumption in favor of taxing costs to the prevailing
party.  Accordingly, the Court will tax costs in favor
of Defendants.

II. <u>Calculation of Taxable Costs</u>

While courts have discretion to award costs
pursuant to Rule 54(d), courts may only tax the costs

specified in 28 U.S.C. § 1920. <u>See</u> <u>Yasui</u>, 78 F. Supp.

2d at 1126 (citing <u>Alflex Corp. v. Underwriters</u>

<u>Laboratories, Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990);

<u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S.

437, 441-42 (1987)). Section 1920 enumerates the

following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all
> or any part of the stenographic
> transcript necessarily obtained for
> use in the case;
> (3) Fees and disbursements for
> printing and witnesses;
> (4) Fees for exemplification and
> copies of papers necessarily obtained
> for use in the case;
> (5) Docket fees under section 1923 of
> the title;
> (6) Compensation of court appointed
> experts, compensation of interpreters,
> and salaries, fees, expenses, and
> costs of special interpretation
> services under section 1828 of this
> title.

28 U.S.C. § 1920; <u>Yasui</u>, 78 F. Supp. 2d at 1126. The

Court addresses each of the costs requested by

Defendants in turn.

    A.   <u>Court Reporter Costs</u>

        Plaintiff objects to Defendants' request for

court reporter/transcript costs as unnecessary in light
of the sworn testimony of the administrative record.
The Court is unpersuaded.  Defendants request $718.35
relating to costs for the transcript of Plaintiff's
deposition.  Section 1920(2) provides for the taxation
of the "[f]ees of the court reporter for all or any
part of the stenographic transcript necessarily
obtained for use in the case."  28 U.S.C. § 1920(2).
Defendants submitted an invoice for this expense.  Ex.
A to BOC.  Insofar as Defendants seek reimbursement for
Plaintiff's deposition, this Court finds that the
transcript was necessarily obtained for use in the case
and the costs associated therewith are taxable in full.
Accordingly, the Court FINDS that $718.35 in deposition
costs is taxable.

    B.   <u>Copying Costs</u>

       Plaintiff does not specifically object to the
copying costs sought by Defendants.  Defendants request
taxation of in-house copying costs, totaling $321.90.[2]

---

    [2]  In reviewing Defendants' calculations, the Court
(continued...)

They provided an itemized listing of copies made for
the pleadings and other documents related to the
litigation, as well as the number of pages copied for
each.  Mem. in Supp. of BOC at 2-5.  Section 1920(4)
explicitly provides for the taxation of copying costs.
Local Rule 54.2(f)4 further specifies that:

> The cost of copies necessarily obtained
> for use in the case is taxable provided
> the party seeking recovery submits an
> affidavit describing the documents copied,
> the number of pages copied, the cost per
> page, and the use of or intended purpose
> for the items copied.  The practice of
> this court is to allow taxation of copies
> at $.15 per page or the actual cost
> charged by commercial copiers, provided
> such charges are reasonable.  The cost of
> copies obtained for the use and/or
> convenience of the party seeking recovery
> and its counsel is not allowable.

Local Rule 54.2(f)4.  Defendants indicate that the per

---

[2](...continued)
discovered two errors.  For both Defendants' First
Request for Answers to Interrogatories and Production
of Documents (7/17/07) and Defendants' First Response
to Plaintiff's Second Request for Answers to
Interrogatories and Requests for the Production of
Documents (8/16/07), Defendants indicated that one copy
was made.  Yet the total amount for those documents
reflected a calculation based on two copies.  The Court
will base its calculation on one copy.  The copying
costs therefore total $317.10.

page copying cost was $0.15.  As set forth in Local Rule 54.2(f)4, this charge is reasonable.  Further, upon review of the documents copied, the Court finds that they were necessarily obtained for use in the case.  The Court therefore FINDS that a total of $317.10 in copying costs is taxable.

CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiff's Objections to Bill of Costs, filed October 29, 2007, be DENIED and that the district court tax costs against Plaintiff in the amount of $1,035.45.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 31, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 05-00432 JMS-KSC; PANOKE V. U.S. ARMY MILITARY POLICE, ET AL.; REPORT OF SPECIAL MASTER ON PLAINTIFF'S OBJECTIONS TO BILL OF COSTS